**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:11-cv-604-RJC**
**(3:09-153-RJC-2)**

| | |
|---|---|
| WILFREDO ANDUJAR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

THIS MATTER comes before the Court on Petitioner's "Motion for Relief of Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure," (Doc. No. 14).

## I.     BACKGROUND

Petitioner pled guilty in the underlying criminal case to conspiracy to distribute and possess with intent to distribute at least one kilogram of heroin. (3:09-cr-153, Doc. No. 29). As part of the plea agreement, Petitioner admitted his prior convictions were valid predicate felony drug offenses and acknowledged the applicable mandatory life sentence, however, the Government agreed to withdraw one prior conviction thereby reducing Petitioner's exposure to a mandatory minimum sentence of 20 years. (3:09-cr-153, Doc. No. 71). The Court accepted the plea and sentenced Petitioner to 20 years' imprisonment. (3:09-cr-153, Doc. No. 117). Petitioner did not appeal.

In 2011, Petitioner filed a § 2255 Motion to Vacate in the instant case, arguing that counsel was ineffective for failing to challenge his Illinois prior felony drug convictions based on Carachuri-Rosendo v. Holder, 130 S.Ct. 2577, and United States v. Simmons, 649 F.3d 217 (4th Cir. 2011), and for advising him to plead guilty and thereby waiving his right to appeal the

sentence. The Court denied relief on March 22, 2013. (Doc. No. 10). The Fourth Circuit dismissed

his appeal on July 30, 2013. (Doc. No. 15).

Meanwhile, on July 11, 2013, Petitioner filed the instant Rule 60(b) Motion. (Doc. No. 14).

He argues that the Court should have granted him an evidentiary hearing where he could have

proven that prior convictions do not qualify him for the § 851 enhancement, and the Government

committed a fraud on the Court during the criminal case by filing a notice of enhancement pursuant

to § 851, where the Government knew these convictions were not final at the time of the indictment

in this criminal case.

## II.     LEGAL STANDARDS

Rule 60 provides permits a court to correct orders and provide relief from judgment under

the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion must be made within a "reasonable time," and for reasons (1) through

(3), "no more than a year after the entry of the judgment or order or the date of the proceeding."

Fed. R. Civ. P. 60(c). The party moving for relief from judgment under Rule 60(b) bears the burden

of showing timeliness. Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295 (4th

Cir. 2017).

Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). A movant must first show that he has moved in a timely fashion, that he has a meritorious defense to the judgment, that the opposing party would not be unfairly prejudiced by a set aside, and show exceptional circumstances. See Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011); Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984) (citing Compton, 608 F.2d at 102). If a movant satisfies these three requirements, then he must show that his motion falls under one of the six grounds set forth in Rule 60(b). Werner, 731 F.2d at 207. Relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." Dowell v. State Farm Fire Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir.1993) (internal quotation marks and citation omitted). A change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6). Id.

Where a petitioner seeks relief from a judgment under Rule 60(b) on grounds other than a clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against re-litigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (requiring district courts to review Rule 60(b) motions to determine whether such motions are tantamount to a § 2255 motion); 28 U.S.C. § 2244(b)(3)(A) ("[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

As a general matter, "a motion directly attacking the prisoner's conviction or sentence will

usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." <u>Winestock</u>, 340 F.3d at 207; <u>see also</u> <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 531-33 (2005) (concluding that a Rule 60(b) motion for relief from judgment that directly challenges the underlying conviction constitutes a successive § 2254 petition).

### III.    DISCUSSION

Petitioner argues that Rule 60(b) relief is warranted because his prior Illinois convictions did not qualify him for a § 851 enhancement. He claims that the Government knew these convictions did not qualify at the time of the criminal proceedings, and that he would be able to prove the invalidity of those prior convictions at a hearing.

Petitioner does not seek to remedy some defect in the § 2255 proceedings, rather, he attempts to re-litigate the claims presented in his § 2255 Motion to Vacate. These claims are, in substance, successive § 2255 claims because they attack his criminal sentence. <u>See</u> <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 531 (2005). Petitioner does not allege that he has obtained leave from the Fourth Circuit to file a successive § 2255 motion to vacate. Therefore, the present motion is construed as an unauthorized second or successive § 2255 motion to vacate over which the Court lacks jurisdiction. <u>Id.</u>

### IV.    CONCLUSION

For the reasons stated herein, Petitioner's motion for Rule 60(b) relief is construed as an unauthorized successive § 2255 motion to vacate that is dismissed for lack of jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1.    Petitioner's "Motion for Relief of Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure," (Doc. No. 14), is **DISMISSED** for lack of jurisdiction

as an unauthorized successive § 2255 motion to vacate.

Signed: February 21, 2018

Robert J. Conrad, Jr.
United States District Judge